# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PAUL McMAHON, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| vs. | ) Civil Action No. 10-45E |
| | ) Judge Maurice B. Cohill/ |
| JON D. FISHER; THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA; and THE DISTRICT ATTORNEY OF THE COUNT OF McKEAN, | ) Magistrate Judge Maureen P. Kelly |
| | ) |
| Respondents. | ) |

## REPORT AND RECOMMENDATION

### I. RECOMMENDATION

It is respectfully recommended that the petition for writ of habeas corpus (the "Petition") filed pursuant to 28 U.S.C. § 2254 (ECF No. 1) be denied and that a certificate of appealability be denied.

### II. REPORT

James Paul McMahon ("Petitioner"), was convicted of first degree murder by a jury of his peers after he stabbed to death Link Dowell, III, in a bar fight in March 2001. Consequently, Petitioner is currently serving a sentence of life in prison without the possibility of parole. Now, he seeks federal habeas relief. In the Petition, he raises only three claims.

Ground One

The trial court abused its discretion in allowing the state to admit into evidence three letters allegedly written by petitioner that had no purpose, but to

demonstrate to the jury petitioner's propensity to commit the crime charged which
in turn denied petitioner due process of law in violation of the 14 Amendment to
the U.S. Constitution.

      Ground Two

Petitioner's [trial] counsel was ineffective in failing to investigate and
pursue a voluntary intoxication defense. This violated petitioner's right to
counsel as guaranteed by Amendments 6 and 14 to the U.S. Constitution.

      Ground Three

Petitioner's counsel was ineffective in failing to request a jury instruction
on voluntary intoxication. This violated petitioner's right to counsel, as
guaranteed by Amendments 6 and 14 to the U.S. Constitution

ECF No. 1 at 11 to 12.

The District Attorney of McKean County filed a truncated Answer, ECF No. 10, to which were attached copies of much of the state court record. However, the District Attorney did not include any briefs that were filed by or on behalf of the Petitioner in the Superior Court for either Petitioner's direct appeal or for his appeal from the Post Conviction Relief Act ("PCRA") proceedings. But see ECF No. 2 (order by Magistrate Judge Susan Paradise Baxter directing the District Attorney "to furnish this court with the state court records, including all transcripts, **all briefs** filed by the Petitioner . . . .") (emphasis added). In that Answer, the District Attorney asserted that Petitioner was not entitled to relief. In June 2011, this case was referred to the undersigned. ECF No. 11.

Because Petitioner fails to show that the adjudication of his claims by the state courts was contrary to or an unreasonable application of United States Supreme Court precedent, Petitioner has not carried his burden to show entitlement to the relief sought.

## A. FACTUAL HISTORY

Given that we write primarily for the parties who are well acquainted with the facts of the crimes and the testimony at Petitioner's trial and at the PCRA hearings, we forego a lengthy recitation herein. A detailed summary of the facts underlying the crime and the evidence provided at trial as well as at the PCRA hearings is provided in the PCRA trial court's Rule 1925(a) Statement/Opinion. ECF No. 10-53 at 1 to 14. The gist of the evidence is that the victim struck Petitioner at a bar, causing Petitioner to bleed. Petitioner then left the bar, drove home, got his brother, returned to the bar, attacked the victim and stabbed him in the back with an 8 inch long knife. The victim died from his injuries. At trial, Petitioner admitted the stabbing but claimed heat of passion as a defense to the first degree murder charge.[1] Petitioner was convicted of first degree murder on November 30, 2001 by a jury sitting in the Court of Common Pleas of McKean County, Pennsylvania.

## B. APPLICABLE LEGAL PRINCIPLES

The Antiterrorism and Effective Death Penalty Act of 1996, Pub. L. No. 104-132, tit. I, §101 (1996) ("AEDPA") which amended the standards for reviewing state court judgments in federal habeas petitions filed under 28 U.S.C. § 2254 was enacted on April 24, 1996. Because Petitioner's habeas petition was filed after its effective date, AEDPA is applicable to this case. Werts v. Vaughn, 228 F.3d 178, 195 (3d Cir. 2000).

Where the state courts have reviewed a federal issue presented to them and disposed of

---

[1] Under Pennsylvania law, a heat of passion defense, if accepted by a jury, reduces a murder to a voluntary manslaughter conviction. Commonwealth v. Marks, 704A.2d 1095 (Pa.Super. 1997).

the issue on the merits, and that issue is also raised in a federal habeas petition, AEDPA provides the applicable deferential standards by which the federal habeas court is to review the state courts' disposition of that issue. See 28 U.S.C. §2254(d) and (e).

In Williams v. Taylor, 529 U.S. 362 (2000), the United States Supreme Court has expounded upon the standard found in 28 U.S.C. § 2254(d). In Williams, the Supreme Court explained that Congress intended that habeas relief for errors of law may only be granted in two situations: 1) where the state court decision was "contrary to . . . clearly established Federal law as determined by the Supreme Court of the United States" or 2) where that state court decision "involved an unreasonable application of[] clearly established Federal law as determined by the Supreme Court of the United States." Id. at 404-05 (emphasis deleted). The Court explained the two situations in the following terms:

> Under the "contrary to" clause, a federal habeas court may grant the writ if the state court arrives at a conclusion opposite to that reached by this Court on a question of law or if the state court decides a case differently than this Court has on a set of materially indistinguishable facts. Under the "unreasonable application" clause, a federal habeas court may grant the writ if the state court identifies the correct governing legal principle from this Court's decisions but unreasonably applies that principle to the facts of the prisoner's case.

Williams, 529 U.S. at 412-13. The United States Court of Appeals for the Third Circuit has also elucidated the "contrary to" clause by noting that "it is not sufficient for the petitioner to show merely that his interpretation of Supreme Court precedent is more plausible than the state court's; rather, the petitioner must demonstrate that Supreme Court precedent requires the contrary outcome." Werts v. Vaughn, 228 F.3d at 197 (quoting Matteo v. Superintendent, SCI-Albion, 171 F.3d 877, 888 (3d Cir. 1999)(en banc)). Moreover, it is Petitioner's burden to prove

4

the state court decision is either contrary to or an unreasonable application of clearly established federal law. See Matteo, 171 F.3d at 888; Werts v. Vaughn, 228 F.3d at 197. Under the "contrary to" clause, the relevant universe of analysis is restricted to the holdings of United States Supreme Court cases as they existed at the time of the state court decision. Williams, 529 U.S. at 412. In contrast, under the "unreasonable application" clause, federal habeas courts may consider lower federal court cases in determining whether the state court's application of United States Supreme Court precedent was objectively unreasonable. Matteo, 171 F.3d at 890.[2]

## C. DISCUSSION

### 1. Petitioner's Claim of Trial Court Error in the Admission of the Letters is Without Merit.

In Ground One of the Petition, Petitioner raises the claim that the trial court abused its discretion in permitting the admission of portions of three letters[3] which Petitioner had written from jail after the murder but before the trial and that the admission of such evidence violated his Fourteenth Amendment rights to substantive due process, i.e., denied him a fundamentally fair

---

[2] AEDPA also permits federal habeas relief where the state court's adjudication of the claim "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding." 28 U.S.C. 2254(d)(2). Petitioner never once references this section nor argues that the state courts' unreasonably determined the facts. As such, we find any such claim to be waived. See, e.g., Arce-Garibay v. Ashcroft, 79 F.App'x 516, 519 n.3 (3d Cir. 2003) ("he waived this argument by failing to develop it in the body of his brief. *See Reynolds v. Wagner*, 128 F.3d 166, 178 (3d Cir. 1997) ('[A]n argument consisting of no more than a conclusory assertion ... will be deemed waived.')"). Even if not waived, this court finds that the state courts' factual determinations are not unreasonable.

[3] Although Petitioner complains about "three letters" in his Petition, there appear to be only two letters at issue. Or, perhaps the excerpts from Yehl are actually from two letters Petitioner sent to Yehl. See ECF No. 10-31 at 2 ("During rebuttal, Joe Yehl read the following statements McMahon made in letter**s** to him.") (emphasis added).

trial.

In the first letter to his then girlfriend, Petitioner wrote that "It was his [i.e., the victim, Link Dowell's] fault. You know who that is. He did this to me and himself. You know how I am about people touching [i.e., hitting] me. They just can't get away with it." ECF No. 10-30 at 2. This portion of the letter was read to the jury in the Commonwealth's case in chief to prove Petitioner possessed the necessary intent for first degree murder and the Commonwealth asserted that the statement constituted an admission by Petitioner.

The second letter was written by Petitioner to Joe Yehl, Petitioner's best friend at the time. In that letter, Petitioner wrote as follows:

> You know I don't let people get loud with me and get away with it if I can. Sometimes I can't get to people here cause they are on the other block, but when I get the chance, I take care of it.
> I knocked some [fellow inmate] out last week who was talking sh*t to me and we had a visit at the same time so when I came out of my cell, because I'm in the hole, and he came out of the block I jacked him right in the jaw and dropped him. It felt good. Every chance I get to [mess] somebody up I don't like I am going to do it.

ECF No. 10-30 at 2. This letter was read to the jury in the Commonwealth's case on rebuttal in an attempt to rebut Petitioner's claimed defense that he acted in the heat of passion. The trial court gave the following limiting instruction to the jury on the proper use of the Yehl letter:

> The purpose of that evidence was to assist you in your decision concerning whether or not the defendant acted with the specific intent to kill Link Dowell or with malice when he killed Link Dowell or whether he acted in the heat of passion and without malice and without specific intent. I'll be explaining those concepts to you in just a moment.
> You are instructed, however, you should consider those letters only on the issue of whether the defendant acted with malice or in the heat of passion or with specific intent on March 8, 2001. He's not a [sic] trial for other things which may

have occurred at other times.

ECF No. 10-30 at 2.

### a. Petitioner procedurally defaulted any federal claims as to the admission of the letters.

Petitioner procedurally defaulted his Fourteenth Amendment claim relative to the admission of the letters because he failed to raise any such federal constitutional question to the state courts, rather, he solely raised the issue as one of state evidentiary law. See, e.g., Petitioner's Motion in Limine, ECF No. 10-15 at 1 (citing solely to Pa.R.Evid. 403 and 404(a) in arguing to exclude the letters); id. at 4, ¶ 8 (citing only Pa.R.Evid. 403); Id. at 6, ¶ 19 (citing only to Pa.R.Evid. 403 and 404).[4] See also Petitioner's Post-Sentence Motions, ECF No. 10-22 at 3, ¶ 4 (citing solely to Pa.R.Evid. 404); id., at 4, ¶¶ 6 (citing solely to P.R.Evid. 403 and 404);[5] Petitioner's Brief in Support of Post-Sentence Motions, ECF No. 10-25 (citing solely to Pa.R.Evid. 404 and a Treatise on Pennsylvania evidentiary law regarding admissibility of character evidence). See also Petitioner's Pa.R. App. P. 925(b) Statement of Matters Complained of On Appeal, ECF No. 10-29 at 2 (which "incorporates by reference his post-sentence motion for new trial, a copy of which is attached hereto and marked Exhibit A.").

Because Petitioner only presented to the state courts, the claim concerning the admission of the letters solely as a claim of state evidentiary law, and not as a violation of his Fourteenth Amendment substantive due process rights, he has procedurally defaulted any Fourteenth

---

[4] Although the District Attorney includes two copies of Petitioner's Motion in Limine, see ECF No. 10-14 and No. 10-15, they are identical.

[5] Again, in the record provided by the District Attorney, there are two identical copies of Petitioner's Post-Trial Motions. ECF No. 10-22 and ECF No. 10-23.

Amendment constitutional claim.  See, e.g., Birdwell v. Folino, Civ.A. No. 06-02039, 2007 WL 954539, at *4 (E.D.Pa., March 28, 2007) ("Here, Petitioner raised his evidentiary claims before the state courts solely as a matter of state law; he did not raise any federal or constitutional issue, nor did he cite any federal law. Because Petitioner did not place the state courts on notice of any federal or constitutional issues related to the trial court's evidentiary determinations, his first four (4) claims are unexhausted" and also procedurally defaulted); Edwards v. Wenerowicz, Civ.A. No. 11–3227, 2012 WL 568849, at *4  (E.D.Pa., Jan. 31, 2012) ("The Third Circuit has specifically recognized that a failure to comply with Rule 1925(b) and identify all issues to be reviewed on appeal resulting in waiver at the state court level constitutes procedural default on independent and adequate state grounds.  Buck v. Colleran, 115 Fed. App'x 526, 528 (3d Cir. 2004)."), report adopted by, 2012 WL 569015 (E.D.Pa. Feb. 22, 2012).  In the case at issue, Petitioner never raised any federal or constitutional issue as to the admissibility of the letters with the state courts.  Accordingly, we find the purported Fourteenth Amendment claim procedurally defaulted and given the evidence of Petitioner's guilt, we find neither cause and prejudice nor a miscarriage of justice so as to excuse this significant procedural default, and, therefore, this issue does not afford Petitioner relief.

### b. The admission of the letters did not alter the outcome.

In the alternative, we find that the admission of the letters into evidence did not deny Petitioner substantive due process or, in the alternative, assuming there was error, we find such error was harmless.  The Pennsylvania Superior Court found, on direct appeal, that the admission of the challenged letters constituted harmless error, i.e., the Superior Court apparently assumed

that it was error to admit the evidence under Pennsylvania evidentiary law but then found such error was harmless. ECF No. 10-31.[6] This Court agrees.

**(1) Substantive due process.**

A claim that one was denied substantive "due process" is a claim that one was denied "fundamental fairness." See Riggins v. Nevada, 504 U.S. 127, 149 (1992) ("We have said that 'the Due Process Clause guarantees the fundamental elements of fairness in a criminal trial,' *Spencer v. Texas*, 385 U.S. 554, 563-564 (1967)[.]"); Lisenba v. California, 314 U.S. 219, 236 (1941) ("The aim of the requirement of due process is . . . to prevent fundamental unfairness"); Collins v. Scully, 755 F.2d 16, 18 (2d Cir. 1985) ("In order to prevail on a claim that an . . . error deprived the defendant of due process under the Fourteenth Amendment he must show that the error was so pervasive as to have denied him a fundamentally fair trial").

"A trial is fundamentally unfair if there is a reasonable probability that the verdict might have been different had the trial been properly conducted." Foy v. Donnelly, 959 F.2d 1307, 1317 (5th Cir. 1992) (internal quotation marks omitted). Where the evidence of guilt is so strong that there is no reasonable probability that the verdict might have been different, errors, if any were committed, could not deny the defendant fundamental fairness. See, e.g., United States v. Copple, 24 F.3d 535, 547 n.17 (3d Cir. 1994) ("To the extent any of the incidents constituted error, we believe that in light of the strong evidence of guilt, the errors were harmless and did not

---

[6] In such a case, where the state courts find an error to be harmless, a United States District Court, entertaining a habeas petition, is directed to conduct its own harmlessness analysis and is not to determine whether the state courts' harmless error analysis was contrary to or an unreasonable application of then extant United States Supreme Court precedent. Fry v. Pliler, 551 U.S. 112, 120 (2007); Jaradat v. Williams, 591 F.3d 863, 869 (6th Cir. 2010).

deprive Copple of a fundamentally fair trial.").

Here, there is overwhelming evidence of Petitioner's guilt in admittedly stabbing the victim. Based on the properly admitted evidence of Petitioner's specific intent to kill the victim, including evidence that he left the bar and then came back into the bar with a knife and attacked the victim and Petitioner's use of that knife on or near a vital organ, we find that Petitioner has failed to establish that there was "a reasonable probability that the verdict might have been different had the trial been properly conducted." Foy v. Donnelly, 959 F.2d at 1317. Accordingly, this issue affords Petitioner no relief.

**(2) Any error was harmless.**

In the alternative, we find any error, if constitutional error it be to have admitted the letters, to have been harmless under Brecht v. Abrahamson, 507 U.S. 619 (1993). In other words, we are convinced that in light of the substantial evidence of Petitioner's guilt as to the first degree murder conviction, the error in admitting the letters did not have a "substantial and injurious effect or influence in determining the jury's verdict." Id. at 637.

**2. Petitioner's Claims of Ineffectiveness of Counsel**

In the context of Grounds Two and Three of the Petition, Petitioner makes two ineffective assistance of counsel claims, namely, that his counsel was ineffective for: 1) failing to investigate and pursue a voluntary intoxication defense, and 2) for failing to request a jury instruction on voluntary intoxication.

**a. Standard for ineffective assistance of counsel**

In Strickland v. Washington, 466 U.S. 668 (1984), the United States Supreme Court

explained that there are two components to demonstrating a violation of the right to effective assistance of counsel. First, the defendant must show that counsel's performance was deficient. This requires showing that "counsel's representation fell below an objective standard of reasonableness." Id. at 688; see also Williams v. Taylor, 529 U.S. at 390-91. In reviewing counsel's actions, the court presumes that counsel was effective. As the Supreme Court has declared:

> [j]udicial scrutiny of counsel's performance must be highly deferential. It is all too tempting for a defendant to second-guess counsel's assistance after conviction or adverse sentence, and it is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel's was unreasonable. . . . [A] court must indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance; that is, the defendant must overcome the presumption that, under the circumstances, the challenged action "might be considered sound trial strategy."

Strickland, 466 U.S. at 689. There is no one correct way to represent a client and counsel must have latitude to make tactical decisions. Lewis v. Mazurkiewicz, 915 F.2d 106, 115 (3d Cir. 1990) ("[W]hether or not some other strategy would have ultimately proved more successful, counsel's advice was reasonable and must therefore be sustained.").

Second, under Strickland, the defendant must show that he was prejudiced by the deficient performance. "This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Strickland, 466 U.S. at 687. To establish prejudice, the defendant "must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at

11

694; see also Williams, 529 U.S. at 391. In addition, in undertaking a prejudice analysis, the Court properly considers the strength of the evidence against the defendant because "... a verdict or conclusion only weakly supported by the record is more likely to have been affected by errors than one with overwhelming record support." Buehl v. Vaughn, 166 F.3d 163, 172 (3d Cir. 1999), cert. dismissed, 527 U.S. 1050 (1999). The Strickland test is conjunctive and a habeas petitioner must establish both the deficiency in performance prong and the prejudice prong. See Strickland, 466 U.S. at 687; Dooley v. Petsock, 816 F.2d 885, 889 (3d Cir. 1987). As a result, if a petitioner fails on either prong, he loses. See Holladay v. Haley, 209 F.3d 1243, 1248 (11th Cir. 2000); Foster v. Ward, 182 F.3d 1177, 1184 (10th Cir. 1999).

### b. Petitioner fails to show that the state courts' decision on his ineffectiveness claims was contrary to or an unreasonable application of Supreme Court precedent.

The two claims of ineffectiveness of counsel raised in this Petition were addressed on the merits by the state courts. See, e.g., PCRA Trial Court Rule 1925(a) Statement/Opinion, ECF No. 10-53 at 1 to 14; Superior Court Opinion, ECF No. 10-54 at 6 (affirming the PCRA Court's holding "on the basis of Judge Cleland's well-written opinion of January 23, 2008).[7] In disposing of these ineffective assistance claims, the state courts relied upon the test announced in Commonwealth v. Pierce, 527 A.2d 973 (Pa. 1987). ECF No. 10-53 at 9 (PCRA Trial Court

---

[7] Because the Pennsylvania Superior Court essentially affirmed on the basis of the PCRA trial court's reasoning, it is the PCRA trial court's reasoning on which we focus herein to conduct our AEDPA analysis of the ineffectiveness claims.

opinion).[8] The Pennsylvania Supreme Court has developed an ineffective assistance standard that requires a petitioner to demonstrate that (1) the underlying claim is of arguable merit, (2) counsel had no reasonable basis for the act or omission in question, and (3) but for counsel's act or omission, the outcome of the proceedings would have been different. Commonwealth v. Pierce, 527 A.2d at 975. This standard has been found to be materially identical to the test enunciated in Strickland. See Werts, 228 F.3d at 203. The Third Circuit has ruled that this standard is not "contrary to" Strickland, and therefore, "the appropriate inquiry is whether the Pennsylvania courts' application of Strickland to [petitioner's] ineffectiveness claim was objectively unreasonable, *i.e.*, the State court decision, evaluated objectively and on the merits, resulted in an outcome that cannot reasonably be justified under Strickland." Werts, 228 F.3d at 204.

Pursuant to Werts, we know that the state courts' disposition of Petitioner's ineffectiveness claims was not contrary to United States Supreme Court precedent in the sense that the state courts' decision was opposite to that reached by the Supreme Court on a question of law, *i.e.*, the standard of ineffectiveness. However, it remains open to Petitioner to show that the state courts decided his case differently than the federal Supreme Court has in a case with a set of materially indistinguishable facts. Williams, 529 U.S. at 412-13.

Petitioner has not argued and does not point to any United States Supreme Court decision

---

[8] The PCRA Trial Court, disposing of the PCRA petition, cited the case of Commonwealth v. Kimball, 724 A.2d 326 (Pa. 1999) as the authority for the legal test of ineffectiveness. Kimball itself simply invoked and applied the Pierce test. ECF No. 10-53 at 9.

13

in existence at the time that the state courts rendered their decisions in this case that has a set of facts that are materially indistinguishable from Petitioner's case where the outcome was different from the outcome reached by the state courts herein. Williams, 529 U.S. at 412 (analyzing whether a state court decision is "contrary to" Supreme Court precedent requires analysis of the "holdings as opposed to the dicta, of this Court's decisions as of the time of the relevant state court decision."). Hence, Petitioner has failed to carry his burden to show that the state courts' disposition was contrary to United States Supreme Court precedent. However, it remains open to Petitioner to establish that the state courts' disposition was an unreasonable application of federal law. Petitioner has not carried that burden.

Under the state law of Pennsylvania, the defense of voluntary intoxication may negate the intent necessary for a finding of first degree murder and thus reduce that first degree murder to third degree murder. ECF No. 10-53 at 9; Commonwealth v. Fletcher, 861 A.2d 898, 907-08 (Pa. 2004) See also 18 Pa.C.S.A. §2503(a)(1). In order to successfully raise such a defense and consequently, in order to be entitled to have a jury instruction be given on this defense, Pennsylvania state law requires that there be sufficient evidence of all of the following factors:

1) The criminal defendant was unable to form the specific intent to kill
2) Because he was overwhelmed or overpowered by alcohol
3) to the point of losing his faculties and sensibilities
4) at the time the crime was committed.

PCRA Trial Court op., ECF No. 10-53 at 9 (citing Commonwealth v. Carpenter, 617 A.2d 1263, 1268 (Pa. 1992). See also Commonwealth v. Marinelli, 810 A.2d 1257, 1277 (Pa. 2002).

In the context of proving that his trial counsel was ineffective, and given the presumption of counsel's effectiveness, it was the burden of the Petitioner at the PCRA hearing to adduce

14

evidence of each of these four elements such that Petitioner could establish the that there was sufficient evidence so as to warrant the conclusion that the claim of voluntary intoxication was a meritorious defense or at least that there was sufficient evidence of voluntary intoxication such that his counsel should have investigated this line of defense and should have presented such evidence at trial.  In other words, the practical effect of the presumption of counsel's effectiveness is to presume that no such evidence existed and so no such defense was meritorious.  Cf. Brewer v. Lape, No. 06 Civ. 10209, 2010 WL 3565176, at *28 (S.D.N.Y. June 11, 2010) ("conclusory allegations regarding an attorney's failure to conduct an investigation, absent a showing of what evidence an investigation would have yielded and the benefit of such evidence to petitioner's case, are insufficient to overcome the presumption that counsel offered effective representation.").

The PCRA Court conducted evidentiary hearings on Petitioner's claims.  Thereafter, the PCRA Court conducted an exhaustive review of the evidence produced both at trial and at the PCRA evidentiary hearing.  ECF No. 10-53 at 1 to 14.  As the PCRA Court explained: "[f]or a defendant to be entitled to a voluntary intoxication jury instruction, sufficient evidence must exist to place the defendants' mental condition in issue.  Evidence of the mere consumption of alcohol is not sufficient to prove intoxication. And proof of intoxication by itself is not sufficient to establish the defense unless the evidence demonstrates that the defendant was so intoxicated as to be unable to form the necessary intent." ECF No. 10-53 at 10 (citations omitted).  These are matters of state law concerning 18 Pa.C.S. §§2503(a)(1) and, as has been repeatedly explained, a federal habeas court is bound by a state court's construction of state law.  Robinson v. California,

370 U.S. 660, 666 (1962) (holding that a state court's construction of state statutes is "a ruling on a question of state law that is as binding on [federal courts] as though the precise words had been written into the statute" (quotation omitted));  Williams v. Chrans, 945 F.2d 926, 956 (7th Cir. 1991) ("A habeas petitioner cannot challenge a state court's construction of state law.") .

      The state court opinions essentially concluded as a matter of state law that Petitioner adduced insufficient evidence of intoxication and/or intoxication to such an extent that Petitioner lost his faculties and sensibilities at the time the murder was convicted.  Hence, they concluded that Petitioner failed to establish that the claimed defense of voluntary intoxication was meritorious and counsel cannot be deemed ineffective for failing to investigate or pursue a defense that Petitioner fails to prove was meritorious.  ECF No. 10-53 at 9 ("The underlying claim at issue is a voluntary intoxication defense.  The focus of the court's inquiry is on 'whether there was enough evidence for a reasonable jury to find in [defendant's] favor as to the asserted defense.'  The evidence presented here is simply not sufficient to meet that burden.").  As the PCRA Court concluded "[t]he testimony regarding McMahon's [i.e., Petitioner's] drinking and behavior and even intoxication does not rise to the level of establishing that his faculties and sensibilities were impaired.  McMahon's underlying claim that trial counsel failed to assert a voluntary intoxication defense lacks arguable merit.").  Having found that the Petitioner's purported defense of voluntary intoxication lacked arguable merit, because there was no evidence presented by Petitioner to support such a defense, it follows that Petitioner cannot establish his trial counsel's ineffectiveness.  Werts v. Vaughn, 228 F.3d at 203 ("counsel cannot be ineffective for failing to raise a meritless claim.").  Accordingly, because we are bound by the

16

PCRA Court's construction of state law in finding insufficient evidence existed to support the state law defense of voluntary intoxication, and because it necessarily follows, Petitioner's trial counsel cannot be ineffective for not raising a meritless claim, Petitioner has failed to carry his burden to show that the state courts' adjudication of his claim of ineffectiveness was contrary to or an unreasonable application of any then-extant United States Supreme Court precedent. Hence, this issue does not merit relief.

### (1) Petitioner's counsel had a reasonable basis to not pursue the defense.

In the alternative, the PCRA Court found that Petitioner's counsel had a reasonable basis for not investigating nor pursuing a voluntary intoxication defense. ECF No. 10-53 at 11 to 12. The PCRA Court reasoned as follows:

> At the evidentiary hearing trial counsel testified McMahon made statements to him concerning the quantity of alcohol he had consumed, stating he had a "good buzz, but [was] not wasted." (PCRA Hr'g Tr. 86, February 14, 2006 a.m.), (PCRA Hr'g Tr. 16, March 8, 2006). Trial counsel also testified McMahon told him "An assault by Link Dowell precipitated the subsequent events." (PCRA Hr'g Tr. 87, February 14, 2006 a.m.). Trial counsel stated when he explained the § 308 defense [i.e., the voluntary intoxication defense] to McMahon at the jail, McMahon insisted the drinking is not what caused the attack. (PCRA Hr'g Tr. 3, 4, February 14, 2006 p.m.), PCRA Hr'g Tr. 12, 15, March 8, 2006). McMahon told trial counsel he attacked Dowell because Dowell had earlier assaulted him. (PCRA Hr'g Tr. 87, 109, February 15, 2006 a.m.). The private investigator's report did not conflict with McMahon's statements to trial counsel and indicated the investigator had not found any further evidence McMahon was intoxicated. (PCRA Hr'g Tr. 86, 109, February 14, 2006 a.m.).
> Trial counsel conducted a reasonable investigation and acted reasonably in not pursuing the voluntary intoxication defense on behalf of McMahon because McMahon's statements, the investigator's report and the evidence do not support it.

ECF No. 10-53 at 11 to 12.

Petitioner has not argued, yet alone carried his burden to show that the foregoing was contrary to or an unreasonable application of then extant United States Supreme Court precedent concerning ineffectiveness claims. Accordingly, we find that Petitioner has failed to carry his burden to show entitlement to relief under AEDPA.

Hence, either because the underlying state law defense of voluntary intoxication was meritless insofar as Petitioner failed to carry his burden to adduce evidence that satisfied each prong of that defense under state law or because his counsel had a reasonable basis for not pursuing the defense, Petitioner's two ineffective assistance of counsel claims fail to merit relief.

### D. CERTIFICATE OF APPEALABILITY

A certificate of appealability should be issued only when a petitioner has made a substantial showing of a denial of a constitutional right. 28 U.S.C. § 2254(c)(2).

Applying this standard to the instant case, the court concludes that jurists of reason would not find it debatable whether this Court was correct in dismissing petition for being mertiless or as only demonstrating harmless error. Accordingly, a certificate of appealability should be denied.

### III. CONCLUSION

For the reasons set forth herein, it is recommended that the Petition should be denied as should the certificate of appealability.

In accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Local Rule 72.D.2, the parties are permitted to file written objections in accordance with the schedule established in the docket entry reflecting the filing of this Report and Recommendation. Failure

to timely file objections will waive the right to appeal. <u>Brightwell v. Lehman</u>, 637 F.3d 187, 193 n. 7 (3d Cir. 2011). Any party opposing objections may file their response to the objections within fourteen (14) days thereafter in accordance with Local Civil Rule 72.D.2.

        Respectfully submitted,


        /s/ Maureen P. Kelly_____
        MAUREEN P. KELLY
        U.S. MAGISTRATE JUDGE

Dated: May 22, 2012

cc:  The Honorable Maurice B. Cohill
   United States Senior District Judge

   JAMES PAUL MCMAHON
   EW-5737
   SCI SMITHFIELD
   PO BOX 999
   1120 PIKE STREET
   HUNTINGDON, PA 16652


   All Counsel of Record via CM-ECF