IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| JAMES PAUL McMAHON,<br>    Petitioner, | )<br>)<br>) |
| vs. | )   Civil Action No. 10-45 Erie<br>) |
| JON D. FISHER, et al.,<br>    Respondents. | )<br>) |

## MEMORANDUM ORDER

This Petition for Writ of Habeas Corpus was received by the Clerk of Court on February 24, 2010, and was referred to United States Magistrate Judge Susan Paradise Baxter[1] for Report and Recommendation in accordance with the Magistrates Act, 28 U.S.C. § 636(b)(1), and Rules 72.1.3 and 72.1.4 of the Local Rules for Magistrates. Magistrate Judge Kelly issued a Report and Recommendation ("R&R"), filed on May 22, 2012 [ECF No. 12], recommending that the Petition for Writ of Habeas be denied with respect to each of Petitioner's claims and that a certificate of appealability ("COA") be denied. Petitioner filed Objections [ECF No. 14] to the R&R.[2]

Where, as here, Objections have been filed, the Court is required to make a *de novo* determination as to those portions of the R&R to which objections were made. See 28 U.S.C. § 636(b)(1). Accordingly, the Court has carefully examined *de novo* all arguments raised by Petitioner in his Objections and the Court agrees with the Magistrate Judge that he is not entitled to habeas relief or a COA on any of his claims. Petitioner's Objections are overruled and the Court approves and adopts the R&R, as supplemented herein.

---

[1] On June 21, 2011 case was reassigned to Magistrate Judge Maureen P. Kelly.

[2] In his July 15, 2012 cover letter to his Objections, Petitioner urges the case be remanded back to Magistrate Judge Kelly because he alleges Respondent has not provided the court with all the ordered material, likely referring to the state court records requested at ECF #2. These documents were provided as attachments to the Petition for Habeas Corpus Response at ECF #10.

Petitioner raised three claims in his petition for a writ of habeas corpus:

Claim I    The court abused its discretion in allowing the state to admit into evidence three letters allegedly written by Petitioner that had no purpose, but to demonstrate to the jury Petitioner's propensity to commit the crime charged which in turn denied Petitioner due process of law in violation of the 14th Amendment to the U.S. Constitution;

Claim II   Petitioner's [trial] counsel was ineffective in failing to investigate and pursue a voluntary intoxication defense and this violated petitioner's right to counsel as guaranteed by Amendments 6 and 14 to the U.S. Constitution;

Claim III  Petitioner's counsel was ineffective in failing to request a jury instruction on voluntary intoxication. This violated petitioner's right to counsel, as guaranteed by Amendments 6 and 14 to the U.S. Constitution.

This Court writes only to address Petitioner's claims (II) and (III) due to the fact that Petitioner procedurally defaulted Claim (I) because he failed to raise any Fourteenth Amendment question to the state courts, rather, he solely raised the issue as one of the state evidentiary law, thus, Petitioner failed to exhaust the federal constitutional claims that he now raises before this Court in Claim (I).

Turning now to the issues raised by Petitioner in Claims (II) and (III), Petitioner makes two ineffective assistance of counsel claims, namely, that his counsel was ineffective for: (1) failing to investigate and pursue a voluntary intoxication defense, and (2) for failing to request a jury instruction on voluntary intoxication. In support of these claims Petitioner, in his Objections, states that several witnesses stated that Petitioner had been drinking the day of the incident but that the defense attorney did not investigate Petitioner's alcohol consumption properly to pursue a "voluntary intoxication" defense.

To prove an ineffective assistance of counsel claim, Petitioner must show that "counsel's representation fell below an objective standard of reasonableness." Strickland v. Washington, 466 U.S. 668, 688 (1984). In applying the reasonableness standard, the Court looks to the evidence presented to counsel, including defendant's own statements or actions. A heavy measure of deference will be applied to counsel's judgments. Id. at 691.

In Respondent's Brief in Opposition to Petitioner's PCRA Petition [ECF # 10 at 44], Respondent provides voluminous evidence supporting the fact that Petitioner would not be able to support a voluntary intoxication defense.[3] This evidence included transcript quotations from the same witnesses Petitioner calls upon in his Objections to R&R [ECF #14] that show no testimony supporting the Petitioner's level of intoxication being of the magnitude to support a voluntary intoxication defense and further provide testimony that Petitioner had command of his faculties. Even more convincing testimony was Petitioner himself reporting to defense counsel that he was not drunk and his drinking had nothing to do with the crime. With this data collected it was certainly reasonable for defense counsel not to pursue a voluntary intoxication defense. Instead, defense counsel pursued a "heat of passion" defense[4] and a voluntary intoxication jury instruction would have been contradictory to such a defense because in the heat of passion

---

[3] The elements of a voluntary intoxication defense are: (1) the criminal defendant was unable to form the specific intent to kill; (2) because he was overwhelmed or overpowered by alcohol; (3) to the point of losing his faculties and sensibilities; (4) at the time the crime was committed.

[4] Manslaughter is the unlawful killing of a human being without malice. Manslaughter is committed when a human being is killed unlawfully in the sudden heat of passion caused by adequate provocation.
"The essential elements of the offense of manslaughter, each of which the Government must prove beyond a reasonable doubt, are:
"First: That the defendant inflicted an injury or injuries upon the deceased from which the deceased died;
"Second: That the defendant so injured the deceased in the heat of passion;
"Third: That the heat of passion was caused by adequate provocation; and
"Fourth: That the homicide was committed without legal justification or excuse.
"It is necessary that the defendant have inflicted an injury or injuries upon the deceased, and that the deceased have died as a result of such injury. The defendant must have injured the deceased in the heat of passion, caused by adequate provocation and without malice. United States v. Lofton, 776 F.2d 918, 921 (10th Cir. 1985)

Petitioner would have been provoked and responding to the provocation not overpowered and overwhelmed by alcohol.

Based upon all of the forgoing, the Court agrees with the Magistrate Judge that Claim I is procedurally defaulted and Claims II and III are denied because Petitioner failed to establish that the claimed defense of voluntary intoxication was meritorious and counsel cannot be deemed ineffective for failing to investigate or pursue such a claim.

Accordingly, this 9th day of August 2012, it is hereby **ORDERED** that following a *de novo* review of the pleadings and record in this case, the Report and Recommendation by Magistrate Judge Kelly is adopted as the Opinion of this Court, as supplemented herein. The petition is denied and a COA is denied. The Clerk shall mark this case **CLOSED**.

Maurice B. Cohill
Senior United States District Court Judge
Western District of Pennsylvania

cc: Counsel of Record

James P. McMahon, pro se
EW-5737
SCI @ Smithfield
P.O. Box 999
1120 Pike Street
Huntingdon, PA 16652

Maureen P. Kelly
U.S. Magistrate Judge